By the Court.
Sedgwick, Ch. J.
The defendant *447 was the owner of an apartment house, in which was placed for the use of his tenants, an elevator. The plaintiff was the wife of one of those tenants who had leased an apartment on the fourth floor. On the occasion in question, in May, between 6 and 7 o’clock in the afternoon, she entered the street door and approached the elevator. She then saw a boy, who, as she approached, opened the door of the elevator. The platform- had in fact passed up. She supposing that it was proper for her to proceed stepped through the door and fell six feet, The action is for damages for the hurt she then received.
The objection made to the recovery that she was guilty of negligence, is without substance. . The jury had a right to find, as they did, that under the circumstances in evidence, she acted as a person of ordinary prudence.
The only other objection was that no negligence of defendant was shown. This is placed on the ground that under the testimony the boy who opened the door had not been employed by the defendant for that or any other service. The plaintiff testified that the boy had opened the door several times for her on former occasions, and there was testimony that he had been about the house.
In Althorf v. Wolfe (22 N. Y. 355), Judge Denio said, “ The defendant had the control of his own house and premises, and was generally responsible for their conduct and management, and was bound to see that his necessary affairs, to be carried on in and about them, were so conducted that other persons should not receive injury.” The present defendant owed a duty of this kind, specifically to the plaintiff, as an inmate of his house for whom he was bound to provide a safe arrangement for the use of the elevator. The judge, therefore, left it properly to the jury to say whether the facts showed a want of a reasonable degree of supervision of the premises, which might have prevented the presence of the boy on the occasion, and of his conduct which caused the accident.
Judgment affirmed, with costs.
Truax and O’Gorman, JJ., concurred.